UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL RODRIGUEZ,<br><br>        Plaintiff,<br><br>      v.<br><br>WELLS FARGO BANK, N.A.; NDEX WEST LLC; and DOES 1 through 20, inclusive,<br><br>        Defendants. | No. 2:16-cv-00232-MCE-AC<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Samuel Rodriguez originally filed this action in the San Joaquin County Superior Court, alleging six causes of action against Defendants Wells Fargo Bank, N.A. and NDEX West, LLC (collectively, "Defendants"). Defendant Wells Fargo removed the case shortly thereafter. Presently before the Court are Defendants' Motion to Dismiss and Plaintiff's Motion to Remand.[1] ECF Nos. 5 and 9. For the following reasons, Plaintiff's Motion to Remand is DENIED and Defendants' Motion to Dismiss is GRANTED.[2]

///

---

[1] Because oral argument would not have been of material assistance in deciding these motions, the Court ordered that they be submitted on the briefs pursuant to Local Rule 230(g).

[2] Defendants' Request for Judicial Notice (ECF No. 5-1) is unopposed and therefore GRANTED.

1

# BACKGROUND[3]

Plaintiff obtained a mortgage loan from Wells Fargo's predecessor in November 2006.  The loan was memorialized in a promissory note and secured by a deed of trust recorded against real property known as 15255 6th Street, Lathrop, CA 95330 ("Subject Property").  In April 2013, Plaintiff was more than $77,000 in arrears on the loan, and Defendant NDEX accordingly recorded a Notice of Default on the Subject Property, and further recorded an Election to Sell Under Deed of Trust.

Attached to the Notice of Default was a Declaration of Compliance that represented that Defendant Wells Fargo had contacted Plaintiff to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure" at least thirty days before the Notice of Default was recorded.  Plaintiff alleges that he was never reviewed for a first lien loan modification, and that if he had been, Defendant Wells Fargo would have concluded that he qualified for a permanent loan modification. Accordingly, Plaintiff filed the instant action in state court, asserting five causes of action for violation of Civil Code §§ 2923.55, 2923.26, and 2924.19, negligence, and unfair business practices (Cal. Bus. & Prof. Code §§ 17200 et seq.).  Plaintiff seeks both damages and injunctive relief preventing the sale of the Subject Property. Defendant Wells Fargo removed the case to this Court in early February.

# STANDARD

**A. Motion to Remand**

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court "embracing the place where such action is pending." 28 U.S.C. § 1441(a).  There are

---

[3] The following recitation of background facts is taken, sometimes verbatim, from Plaintiff's Complaint, his Opposition to Defendants' Motion to Dismiss, and the judicially noticed documents contained in ECF No. 5-2.

two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332.  A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States."  Id. § 1331.  A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state . . . ."  Id. § 1332(a)(1)-(2).

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter.  28 U.S.C. § 1441(a).  "The party invoking the removal statute bears the burden of establishing federal jurisdiction."  Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988) (citing Williams v. Caterpillar Tractor Co., 786 F.2d 928, 940 (9th Cir. 1986)).  Courts "strictly construe the removal statute against removal jurisdiction."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted).  "[I]f there is any doubt as to the right of removal in the first instance," the motion for remand must be granted.  Id.  Therefore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court.  28 U.S.C. § 1447(c).

The district court determines whether removal is proper by first determining whether a federal question exists on the face of the plaintiff's well-pleaded complaint.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  If a complaint alleges only state-law claims and lacks a federal question on its face, then the federal court must grant the motion to remand.  See 28 U.S.C. § 1447(c); Caterpillar, 482 U.S. at 392.  Nonetheless, there are rare exceptions when a well–pleaded state-law cause of action will be deemed to arise under federal law and support removal.  They are "(1) where federal law completely preempts state law, (2) where the claim is necessarily federal in character, or (3) where the right to relief depends on the resolution of a substantial, disputed federal question."  ARCO Envtl. Remediation L.L.C. v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1114 (9th Cir. 2000) (internal citations omitted).

1      If the district court determines that removal was improper, then the court may also
2 award the plaintiff costs and attorney fees accrued in response to the defendant's
3 removal.  28 U.S.C. § 1447(c).  The court has broad discretion to award costs and fees
4 whenever it finds that removal was wrong as a matter of law.  Balcorta v. Twentieth-
5 Century Fox Film Corp., 208 F.3d 1102, 1106 n.6 (9th Cir. 2000).

6      **B.  Motion to Dismiss**

7      On a motion to dismiss for failure to state a claim under Federal Rule of Civil
8 Procedure 12(b)(6), all allegations of material fact must be accepted as true and
9 construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins.
10 Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) "requires only 'a short and plain
11 statement of the claim showing that the pleader is entitled to relief' in order to 'give the
12 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell
13 Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41,
14 47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require
15 detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of
16 his entitlement to relief requires more than labels and conclusions, and a formulaic
17 recitation of the elements of a cause of action will not do."  Id. (internal citations and
18 quotations omitted).  A court is not required to accept as true a "legal conclusion
19 couched as a factual allegation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting
20 Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief
21 above the speculative level."  Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright &
22 Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the
23 pleading must contain something more than "a statement of facts that merely creates a
24 suspicion [of] a legally cognizable right of action")).

25      Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket
26 assertion, of entitlement to relief."  Twombly, 550 U.S. at 555 n.3 (internal citations and
27 quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard
28 to see how a claimant could satisfy the requirements of providing not only 'fair notice' of

the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright & Miller, supra, at 94, 95).  A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570.  If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id.  However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend.  Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend).  Not all of these factors merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

### A.  Motion to Remand

Plaintiff challenges diversity jurisdiction here on the grounds that complete diversity does not exist between the parties, the amount in controversy requirement is

not met, and that Defendant NDEX did not consent to removal. All of Plaintiff's arguments lack merit.

First, there is no question that Defendant NDEX consented to removal. Indeed, NDEX provided its consent to removal on February 5, 2016. ECF No. 1-4. Accordingly, Plaintiff's argument to the contrary is utterly without merit.

Second, complete diversity clearly exists. Plaintiff is a California citizen. ECF No. 9 at 4. The Ninth Circuit has conclusively held that, for purposes of diversity jurisdiction, "Wells Fargo is a citizen only of South Dakota, where its main office is located . . . ." Rouse v. Wachovia Mortgage, FSB, 747 F.3d 707, 715 (9th Cir. 2014). Furthermore, Defendant NDEX is a citizen of Delaware, Texas, and New Hampshire. For diversity jurisdiction purposes, LLCs are citizens of every state of which its members are citizens. Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). Defendant NDEX's sole member is BDF Holdings, LP, a Delaware limited partnership. ECF No. 1 at Exh. G. BDF has three partners, and the general partner is another Delaware LLC whose members are all citizens of Texas. Id. The other two limited partners are comprised of seven individuals and three closely held entities, all of which are citizens of Texas or New Hampshire. Id. Accordingly, NDEX is a citizen of Delaware, Texas, and New Hampshire. The citizenship of the parties in this case is therefore completely diverse.

Finally, Defendants have met their burden of establishing that it is more likely than not that the amount in controversy here exceeds $75,000. Plaintiff argues that because he does not seek to invalidate his mortgage loan, the amount of the loan is not in controversy. Plaintiff further argues that because no motion for injunctive relief is pending at this time, the amount in controversy requirement has not been met.

Although Plaintiff has not yet filed a motion for a preliminary injunction at this time, he does request injunctive relief in his Complaint. ECF No. 1-1 at 13. Accordingly, the Court must conduct a functional analysis of the relief Plaintiff seeks to determine whether the primary objective of his lawsuit is to enjoin a foreclosure. Jerviss v. Select Portfolio

Servicing, Inc., No. 2:15-cv-01904, 2015 WL 7572130 at *4 (E.D. Cal. Nov. 25, 2015).  If preventing foreclosure is Plaintiff's primary purpose in bringing this lawsuit, "then the loan amount is the proper measure of the amount in controversy."  Id.  In conducting this analysis, the Court considers three factors: "whether the plaintiff is in default on its loan, whether a notice of default has been filed, and whether foreclosure proceedings are imminent."  Id.

These factors favor Defendants' position that Plaintiff's primary purpose in bringing this lawsuit is the prevention of foreclosure.  As Exhibit C to Plaintiff's Complaint demonstrates, Plaintiff is in default on his loan and Defendants duly recorded a Notice of Default and Election to Sell Under Deed of Trust.  ECF No. 1-1 at 37.  Although it does not appear that a foreclosure sale is imminent, the satisfaction of the first two Jerviss factors, in conjunction with Plaintiff's prayer for injunctive relief, make it more likely than not that Plaintiff's primary purpose in bringing this lawsuit is to prevent foreclosure.  This conclusion is buttressed by the fact that the Complaint repeatedly states that Plaintiff "has suffered and will continue to suffer substantial irreparable harm, including but not limited to the possible permanent loss of the Subject Property . . . ."  ECF No. 1-1 at 9.  Accordingly, the amount in controversy here is $323,000, the amount of Plaintiff's loan.  ECF No. 1-1 at 17.

Because the parties in this case meet both the complete diversity and amount in controversy requirements of 28 U.S.C. § 1332, this Court has jurisdiction over Plaintiff's claims for relief.  Plaintiff's Motion for Remand is therefore DENIED.

### B. Motion to Dismiss

Defendants' Motion to Dismiss argues that all of Plaintiff's causes of action should be dismissed.  The Court addresses each of Plaintiff's causes of action in turn.

#### 1. First Cause of Action for violation of Cal. Civil Code section 2923.55

Civil Code section 2923.55 forbids lenders, servicers, and trustees from recording a notice of default without contacting, or making a good-faith attempt to contact the

7

borrower to discuss foreclosure avoidance options.  Cal. Civ. Code § 2923.55(b)(2).  Plaintiff alleges that Defendants executed and recorded the Notice of Default without making these contacts.  Plaintiff further alleges that "a declaration in the [Notice of Default} that the requirements of California Civil Code section 2923.55 were met has not even been attached or referenced."  ECF No. 1-1 at 9.

In direct contradiction to this allegation, Plaintiff attached the Notice of Default to Plaintiff's Complaint as Exhibit C.  Included therein is a document entitled "Declaration of Compliance."  Id. at 40.  The Declaration of Compliance affirmatively states that Defendant Wells Fargo contacted Plaintiff in accordance with California Civil Code section 2923.55(b)(2).  A conclusory allegation that this declaration is false is insufficient to overcome the presumption that Wells Fargo complied with its statutory obligations.  See e.g., Kamp v. Aurora Loan Services, SACV 09-00844, 2009 WL 3177636 at *2 (C.D. Cal. Oct. 1, 2009) ("Plaintiffs' conclusory assertions are contradicted by the notice of default…which includes the declaration required by section 2923.5"); Juarez v. Wells Fargo Bank, N.A., CV 09-3104, 2009 WL 3806325 at *2 (C.D. Cal. Nov. 11, 2009) (holding that the declaration attached to the notice showed that Wells Fargo did in fact comply with Section 2923.5).[4]  Accordingly, Plaintiff's First Cause of Action is DISMISSED with leave to amend.

**2. Second Cause of Action for violation of Civil Code section 2923.6**

Civil Code section 2923.6 prohibits a mortgage servicer or trustee from recording a Notice of Default during the pendency of a complete first lien loan modification application.  Plaintiff has failed to allege that he had submitted a complete loan modification to Defendant Wells Fargo for review when the Notice of Default was

///

---

[4] Before 2013, Civil Code § 2923.5 applied to Wells Fargo and other large lending institutions. Section 2923.5 has now been replaced by a counterpart provision, Civil Code § 2923.55. Fink v. Wells Fargo Bank, N.A., 15-cv-0001 2015 WL 1204854 at *4 (N.D. Cal. March 16, 2015) (Section 2923.5 "had a sunset date of January 1, 2013, when it was replaced with Civil Code 2923.55. . . .").

recorded. Accordingly, Plaintiff's Second Cause of Action is DISMISSED with leave to amend.

### 3. Third Cause of Action for violation of Civil Code section 2924.19

Defendants argue that Plaintiff's Third Cause of Action must be dismissed because Civil Code section 2924.19 does not provide an independent right to relief, but rather merely explains what type of relief is available for violations of other provisions of the Civil Code. Plaintiff does not oppose this aspect of Defendants' Motion, and the Court agrees with Defendants' reading of the statute. Plaintiff's Third Cause of Action is therefore DISMISSED without leave to amend.

### 4. Fourth Cause of Action for negligence

Plaintiff's Fourth Cause of Action alleges that Defendants negligently initiated foreclosure proceedings even though Plaintiff was at all times current on his loan payments. Plaintiff's allegations are belied by his declaration to the Bankruptcy Court in 2011, in which he represented that due to a reduction in his household income, he would be "unable to retain" his home and intended to surrender the Subject Property. ECF No. 5-2 at 18. In light of the contradiction between this judicially noticed document and Plaintiff's bare allegation that he has never missed a loan payment, Plaintiff cannot state a claim for negligence in connection with Defendants' initiation of foreclosure proceedings. Plaintiff's Fourth Cause of Action is therefore DISMISSED without leave to amend.

### 5. Fifth Cause of Action for violation of California's Unfair Competition Law

Plaintiff's Fifth Cause of Action alleges that Defendants violated California's Unfair Competition Law ("UCL") by failing to provide certain documents in connection with his mortgage loan and failing to respond to his inquiries about the status of that loan. Defendants argue that Plaintiff lacks standing to bring this claim.

The Court agrees with Defendants. Several courts have held that a plaintiff who has already defaulted on his loan at the time the allegedly unfair actions occurred lacks

standing to pursue a UCL claim.  See e.g., Greene v. Wells Fargo Bank, N.A., 2015 U.S. Dist. LEXIS 168932 at *6-7 (N.D. Cal. 2015) ("Courts have held that a plaintiff cannot allege the threshold standing requirement of causation when the plaintiff was already in default before the alleged misconduct was committed.  Any economic injury due to the foreclosure would be caused by the plaintiff's default and not by the defendant's conduct.").

As explained above, Plaintiff's statements to the Bankruptcy Court combined with the Notice of Default attached to his Complaint show that he was in default on his loan at the time Defendants recorded the Notice of Default.  ECF No. 1 at Exh. C, ECF No. 5-2 at Exh. G.  Furthermore, if Plaintiff's UCL claim is predicated upon Defendant's alleged refusal to provide him with documents and respond to his inquiries, his allegations are too vague to state a claim.  For example, Plaintiff never indicates when he made such inquiries or requested such documents.  Accordingly, Plaintiff's Fifth Cause of Action is DISMISSED with leave to amend.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Remand (ECF No. 9) is DENIED and Defendants' Motion to Dismiss (ECF No. 5) is GRANTED.  Plaintiff's Third and Fourth Causes of Action are DISMISSED without leave to amend.  Plaintiff's First, Second, and Fifth Causes of Action are DISMISSED with leave to amend.

IT IS SO ORDERED.

Dated:  May 4, 2016

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT