UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SAMUEL RODRIGUEZ,

    Plaintiff,

    v.

WELLS FARGO BANK, N.A.; NDEX WEST LLC; and DOES 1 through 20, inclusive,

    Defendants.

No. 2:16-cv-00232-MCE-AC

**MEMORANDUM AND ORDER**

Plaintiff Samuel Rodriguez originally filed this action in the San Joaquin County Superior Court, alleging five causes of action against Defendants Wells Fargo Bank, N.A. and NDEX West, LLC (collectively, "Defendants"). Defendant Wells Fargo removed the case shortly thereafter. On February 11, 2016, Defendants filed a Motion to Dismiss Plaintiff's Complaint in its entirety, arguing that none of Plaintiff's five causes of action stated a claim upon which relief could be granted. ECF No. 5. In its May 5, 2016 Memorandum and Order, this Court granted Defendants' motion, dismissing Plaintiff's Third and Fourth Causes of Action without leave to amend, and dismissing Plaintiff's First, Second, and Fifth Causes of Action with leave to amend. Order, ECF No. 16.[1] Plaintiff thereafter filed a First Amended Complaint ("FAC"), re-alleging what were

---

[1] By the same Order, the Court denied Plaintiff's Motion to Remand (ECF No. 9).

1

previously his First, Second, and Fifth Causes of Action.  FAC, ECF No. 17.  Presently before the Court is Defendants' Motion to Dismiss Plaintiff's FAC.[2]  Def.'s Mot., ECF No. 19.  For the following reasons, Defendants' Motion to Dismiss is GRANTED with final leave to amend.

## BACKGROUND[3]

Plaintiff obtained a mortgage loan from Wells Fargo's predecessor in November 2006.  The loan was memorialized in a promissory note and secured by a deed of trust recorded against the real property known as 15255 6th Street, Lathrop, CA 95330 ("Subject Property").  In his FAC, Plaintiff alleges that a trustee's sale initially took place in 2011, but that the foreclosure was unwound at some point and Plaintiff learned in 2013 that he was still on title and still in default.  At that time, Plaintiff claims he requested foreclosure prevention and assistance.  In April 2013, Plaintiff was more than $77,000 in arrears on the loan, and Defendant NDEX accordingly recorded a Notice of Default ("NOD") on the Subject Property, and further recorded an Election to Sell Under Deed of Trust.

Attached to the NOD was a Declaration of Compliance representing that Defendant Wells Fargo had contacted Plaintiff to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure" at least thirty days before the NOD was recorded.  Plaintiff alleges that the declaration is "false" because "the required contacts with Plaintiff had not been met," in violation of California Civil Code § 2924.55.  Plaintiff also claims he was never reviewed for a first lien loan modification and believes that if he had been reviewed for loan modification, Defendant Wells Fargo would have concluded that he qualified for a permanent loan modification.

---

[2] Because oral argument would not have been of material assistance in deciding these motions, the Court ordered that they be submitted on the briefs pursuant to Local Rule 230(g).

[3] The following recitation of background facts is taken, sometimes verbatim, from Plaintiff's First Amended Complaint.

Plaintiff further alleges that even though he submitted a loan modification application, Defendants continued to tell him they never received it. He claims Defendants repeatedly asked for documents that he had already submitted, and that throughout the process, Defendants recorded NODs and at least one Notice of Trustee's Sale. Plaintiff claims Defendants have not made a written determination that Plaintiff is not eligible for a first lien loan modification, in violation of California Civil Code § 2923.6.

Finally, Plaintiff alleges that Defendants failed to provide certain documents in connection with his mortgage loan and failed to assign a single point of contact ("SPOC") to respond to his inquiries about the status of that loan. Plaintiff alleges that the actions and inactions of Defendants amount to unfair competition under California Business and Professions Code § 17200.

Plaintiff therefore maintains three causes of action in his FAC: (1) violation of California Civil Code § 2923.55; (2) violation of California Civil Code § 2923.6; and (3) unfair business practices under California Business and Professions Code §§ 17200–17204.

**STANDARD**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic

1 recitation of the elements of a cause of action will not do." Id. (internal citations and
2 quotations omitted).  A court is not required to accept as true a "legal conclusion
3 couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting
4 Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief
5 above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright &
6 Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the
7 pleading must contain something more than "a statement of facts that merely creates a
8 suspicion [of] a legally cognizable right of action")).

9   Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket
10 assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3 (internal citations and
11 quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard
12 to see how a claimant could satisfy the requirements of providing not only 'fair notice' of
13 the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright &
14 Miller, supra, at 94, 95).  A pleading must contain "only enough facts to state a claim to
15 relief that is plausible on its face." Id. at 570.  If the "plaintiffs . . . have not nudged their
16 claims across the line from conceivable to plausible, their complaint must be dismissed."
17 Id.  However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge
18 that actual proof of those facts is improbable, and 'that a recovery is very remote and
19 unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

20   A court granting a motion to dismiss a complaint must then decide whether to
21 grant leave to amend.  Leave to amend should be "freely given" where there is no
22 "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice
23 to the opposing party by virtue of allowance of the amendment, [or] futility of the
24 amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v.
25 Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to
26 be considered when deciding whether to grant leave to amend).  Not all of these factors
27 merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . .
28 carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183,

4

185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment."  Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

### A.   First Cause Of Action For Violation Of California Civil Code § 2924.55

California Civil Code § 2923.55 forbids lenders, servicers, and trustees from recording a notice of default without contacting, or making a good-faith attempt to contact the borrower to discuss foreclosure avoidance options.  Cal. Civ. Code § 2923.55(b)(2).  Plaintiff alleges that Defendants executed and recorded the NOD without making these contacts, and that the attached Declaration of Compliance—which represents that Defendant Wells Fargo contacted Plaintiff to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure" at least thirty days before the Notice of Default was recorded—is false.

Though Plaintiff's FAC has added numerous allegations, including that Defendants caused confusion by recording various documents presumably in error, Plaintiff's new allegations do nothing to substantiate his claim that Defendants failed to contact him prior to recording the relevant NOD.  In fact, Plaintiff specifically alleges that he was told he could submit a loan modification application and that each time he called, Defendants told him they had not received all the necessary paperwork.  FAC ¶ 22.  He further alleges that he was "working with the Defendants when they decided to file the NOD."  FAC ¶ 37.  These statements directly contradict Plaintiff's claim that he was not in contact with Defendants prior to recordation of the NOD.

///

5

As for Plaintiff's allegation that the declaration is false, as explained in this Court's prior Order dismissing Plaintiff's First Cause of Action (ECF No. 16), a conclusory allegation that the declaration is false is insufficient to overcome the presumption that Wells Fargo complied with its statutory obligations.  See e.g., Kamp v. Aurora Loan Services, No. SACV 09-00844-CJC(RNBx), 2009 WL 3177636, at *2 (C.D. Cal. Oct. 1, 2009) ("[Plaintiffs'] claim fails because their conclusory assertions are contradicted by the notice of default . . . . , which includes the declaration required by § 2923.5."); Juarez v. Wells Fargo Bank, N.A., No. CV 09-3104 AHM (AGRx), 2009 WL 3806325, at *2 (C.D. Cal. Nov. 11, 2009) (holding that the declaration attached to the notice showed that Wells Fargo did in fact comply with Section 2923.5).[4]  Plaintiff's FAC contributes nothing to this claim, and Plaintiff has therefore failed to state a violation of California Civil Code § 2923.55.[5]

Because Plaintiff has failed to cure the defects present in his original Complaint, his First Cause of Action is dismissed with final leave to amend.

///
///
///
///
///

---

[4] Before 2013, California Civil Code § 2923.5 applied to Wells Fargo and other large lending institutions.  Section 2923.5 has now been replaced by a counterpart provision, California Civil Code § 2923.55. Fink v. Wells Fargo Bank, N.A., No. 15-cv-0001-YGR, 2015 WL 1204854, at *4 (N.D. Cal. Mar. 16, 2015) ([Section 2923.5] had a sunset date of January 1, 2013, when it was replaced with Civil Code § 2923.55. . . .").

[5] Plaintiff's FAC states that the "boilerplate declaration was false because (1) Plaintiff was not reviewed for a first lien loan modification, and (2) had the review been conducted, the Beneficiary would have assessed Plaintiff for all foreclosure prevention alternatives and concluded that Plaintiff[] did qualify for a permanent modification as an alternative to foreclosure." FAC, ¶ 21.  This argument misses the mark. California Civil Code § 2923.55(c) simply requires that the NOD include a declaration stating that the borrower was contacted, or that such contact was attempted or otherwise not required.  As provided above, Plaintiff's other allegations indicate that he was in fact appropriately contacted regarding his financial situation and the status of his loan.  Because there is no right to a loan modification, Cal. Civ. Code § 2923.4(a), the outcome of that contact does not render the declaration false.

### B. Second Cause Of Action For Violation Of California Civil Code § 2924.6

California Civil Code § 2923.6 prohibits a mortgage servicer or trustee from recording an NOD during the pendency of a <u>complete</u> first lien loan modification application. As with his original complaint, Plaintiff's FAC fails to allege that he had submitted a <u>complete</u> loan modification to Defendant Wells Fargo for review when the NOD was recorded. To the contrary, Plaintiff's allegations indicate that Defendants informed Plaintiff on more than one occasion that they were not in receipt of a completed application. <u>See</u> FAC ¶¶ 22–24. Though Plaintiff alleges that Defendants requested documents he had already provided, nowhere does Plaintiff allege that he submitted a completed loan modification application. This is a fatal flaw, and Plaintiff's Second Cause Action must be dismissed with final leave to amend.

### C. Third Cause Of Action For Violation Of California's Unfair Competition Law

Lastly, Plaintiff alleges that Defendants violated California's Unfair Competition Law ("UCL") by failing to provide certain documents in connection with his mortgage loan and by failing to assign an SPOC to respond to his inquiries about the status of that loan.[6] Defendants argue that Plaintiff lacks standing to bring this claim.

As in the Court's previous Order, the Court agrees with Defendants. Several courts have held that a plaintiff who has already defaulted on his loan at the time the allegedly unfair actions occurred lacks standing to pursue a UCL claim. <u>See e.g.</u>, <u>Greene v. Wells Fargo Bank, N.A.</u>, No. C 15-00048 JSW, 2015 WL 12952701, at *3 (N.D. Cal. Nov. 30, 2015) ("Courts have held that a plaintiff cannot allege the threshold standing requirement of causation when the plaintiff was already in default before the

---

[6] To the extent that Plaintiff's UCL claim is premised on and derivative of the alleged violations of California Civil Code §§ 2923.55 and 2923.6, Plaintiff's Third Cause of Action fails for the same reasons that his First and Second fail.

7

alleged misconduct was committed.  Any economic injury due to the foreclosure would be caused by the plaintiff's default and not by the defendant's conduct.").

Even excluding Plaintiff's declaration to the Bankruptcy Court in 2011 in which he represented that he would be "unable to retain" his home and intended to surrender the Subject Property due to a reduction in his household income (RJN, Ex. G, ECF No. 19-1),[7] Plaintiff seems to concede in his FAC that he was in default on his loan at least as of 2013.  FAC, ¶ 19.  Indeed, nowhere does Plaintiff deny that he was in default at the time Defendants recorded the NOD.  Rather, he argues that either (1) he was not contacted prior to the recording of the NOD, or (2) that he was in the process of attempting to modify his loan at the time the NOD was recorded.  Accordingly, Plaintiff's Third Cause of Action must also be dismissed with final leave to amend.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint is GRANTED with final leave to amend.  Plaintiff shall file any amended complaint within twenty (20) days of the date this Order is filed electronically.  If no amended complaint is filed within the twenty (20)-day period, without further notice to the parties, the causes of action dismissed by virtue of this Memorandum and Order will be dismissed with prejudice.

IT IS SO ORDERED.

Dated:  March 6, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[7] With respect to Defendant's Request for Judicial Notice (ECF No. 19-1), Plaintiff does not object to Defendants' exhibits A, B, C, D, E, H, L, M, N, or O, and the request is therefore GRANTED.  The Court does not need to consider Exhibits F, G, I, J, or K in making the present ruling, and therefore declines to rule on the request as to those exhibits.