UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL RODRIGUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK, N.A.; NDEX WEST LLC,<br><br>    Defendants. | No. 2:16-cv-00232-MCE-AC<br><br>**MEMORANDUM AND ORDER** |

By way of this action, Plaintiff Samuel Rodriguez ("Plaintiff") asserts three causes of action against Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and NDeX West, LLC ("NDeX") (collectively, "Defendants") arising from Defendants' handling of Plaintiff's home loan. Specifically, Plaintiff alleges violations of California's Homeowners Bill of Rights ("HBOR," Cal. Civ. Code §§ 2923.55 and 2923.6) and California's Unfair Competition Law ("UCL," Bus. & Prof. Code § 17200 et seq.). Plaintiff asserts that Defendants recorded a Notice of Default on his property without first contacting him, in violation of § 2923.55; that Defendants engaged in "dual tracking" in violation of § 2923.6; and that those code violations amount to a violation of California's UCL. The Court dismissed Plaintiff's Complaint on May 5, 2016, granting leave to amend on three of the original five causes of action. See ECF No. 16. The Court subsequently dismissed Plaintiff's First Amended Complaint on March 6, 2017, that time granting final

1

leave to amend.  Presently before the Court are Wells Fargo's Motion to Dismiss Plaintiff's Second Amended Complaint ("SAC") and Motion to Strike portions of that SAC, ECF Nos. 32 and 33, the former of which has been joined by NDeX, ECF No. 36.  For the reasons that follow, Wells Fargo's Motion to Strike is GRANTED, and its Motion to Dismiss, joined by NDex, is also GRANTED.[1]

**STANDARDS**

    **A.**    **Motion to Strike**

The Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Motions to strike are a drastic remedy and generally disfavored.  5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (3d ed. 2004).  Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pled.  Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517, 114 S. Ct. 1023 (1994) (internal citations and quotations omitted).  A matter is impertinent if the statements do not pertain, and are not necessary, to the issues in question.  Id.  "Scandalous" matters "cast a cruelly derogatory light on a party or other person."  In re 2TheMart.com, Inc. Sec. Litig., 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000); see, e.g., Alvarado-Morales v. Digital Equip. Corp., 843 F.2d 613 (1st Cir. 1988) (striking the terms "brainwashing" and "torture" in a tort case in the employment context).

    **B.**    **Motion to Dismiss**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins.

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs in accordance with E.D. Local Rule 230(g).

2

Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright & Miller, supra, at 94, 95). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no

"undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

### A. Motion to Strike

Wells Fargo moves to strike Exhibit I to the SAC and various paragraphs in the SAC referencing the information contained in Exhibit I. ECF No. 33. Exhibit I is an October 2015 letter from Wells Fargo to Plaintiff, stating that "Wells Fargo determined that there was an error in [their] evaluation of a Making Home Affordable liquidation option." SAC, Ex. I. The letter continues to explain that Plaintiff's application was denied, but he may have actually been eligible for assistance. Id. The letter offers Plaintiff $15,000 "[t]o fully resolve the matter," and attaches a settlement and release agreement. Id.

Under Federal Rule of Evidence 408, evidence of an offer to compromise is not admissible to prove or disprove the validity of a disputed claim. See FRE 408(a)(1). Plaintiff purports to submit Exhibit I to prove Wells Fargo's wrongdoing, in direct

1 contravention of Rule 408.  For that reason, and in light of the absence of an opposition
2 from Plaintiff, the Motion to Strike is GRANTED.  Exhibit I, as well as paragraphs 40, 45,
3 and 51 of the SAC, are hereby stricken.

### B. Motion to Dismiss[2]

In addition to the more substantive arguments Wells Fargo asserted in its first two motions to dismiss, Wells Fargo now contends for the first time that Plaintiff's SAC should be dismissed in its entirety because all of Plaintiff's claims are preempted by the Home Owner's Loan Act ("HOLA").  As a preliminary matter, it appears Plaintiff's SAC may have cured many of the substantive defects present in his first two complaints.  Taking the allegations in the SAC as true, it appears Defendants foreclosed on Plaintiff's home, and then rescinded that foreclosure, but failed to inform Plaintiff, who had already moved out.  Plaintiff then unknowingly fell further in arrears, until he realized he still "owned" his home and applied for loan modification assistance.  Defendants then proceeded to foreclose again.  Certainly, this cannot be an acceptable practice.  The Court need not and does not reach that analysis, however, because it agrees with Defendants that all of Plaintiff's claims are preempted by HOLA.

With the passage of HOLA, Congress gave the Office of Thrift Supervision ("OTS") authority to regulate thrifts.  Silvas v. E*Trade Mortg. Corp., 514 F.3d 1001, 1005 (9th Cir. 2008).  With this authority, OTS published a preemption regulation, Code of Federal Regulations Section 560.2 ("§ 560.2"), which provides, inter alia, that "OTS hereby occupies the entire field of lending regulation for [federal savings banks, i.e., FSBs]."  12 C.F.R. § 560.2(a); see also Silvas, 514 F.3d at 1005.  In Silvas, the Ninth Circuit adopted OTS's analysis for determining whether HOLA preempted a state law

---

[2] Wells Fargo submits a Request for Judicial Notice ("RJN"), ECF No. 34, in support of its Motion to Dismiss.  Many of the documents explain how Defendant became the successor-in-interest to World Savings Bank ("WSB") federal savings bank ("FSB"), later renamed Wachovia Mortgage ("Wachovia") FSB, through a sequence of mergers and acquisitions.  Other documents relate to Plaintiff's previous Bankruptcy filing or the foreclosure sale of Plaintiff's residence.  Plaintiff does not oppose these requests.  The Court may take judicial notice of documents in the public record if the facts are not "subject to reasonable dispute."  Lee v. City of Los Angeles, 250 F.3d 668, 688–89 (9th Cir. 2001), overruled on other grounds, Galbraith v. Cnty. of Santa Clara, 307 F. 3d 1119, 1125 (9th Cir. 2002); see also Fed. R. Evid. 201(b).  Therefore, the Court GRANTS Defendant's RJN.

pursuant to § 560.2. Silvas, 514 F.3d at 1005. The court provided:

> When analyzing the status of state laws under § 560.2, the first step will be to determine whether the type of law in question is listed in paragraph (b). If so, the analysis will end there; the law is preempted. If the law is not covered by paragraph (b), the next question is whether the law affects lending. If it does, then, in accordance with paragraph (a), the presumption arises that the law is preempted. This presumption can be reversed only if the law can clearly be shown to fit within the confines of paragraph (c). For these purposes, paragraph (c) is intended to be interpreted narrowly. <u>Any doubt should be resolved in favor of preemption</u>.

Silvas, 514 F.3d at 1005 (emphasis added) (citing OTS, Final Rule, 61 Fed. Reg. 50951, 50966–67 (Sept. 30, 1996)).

The Court first considers whether HOLA, and thus the provisions of § 560.2, apply to Plaintiff's loan in the present matter. If it does, the Court then must consider how HOLA preemption impacts his claims.

As to the first question, Plaintiff appears to assert that the National Bank Act ("NBA"), 12 U.S.C. § 21, does not operate to preempt Plaintiff's claims. Because Defendants do not assert preemption under the NBA, however, the Court need not address this argument.[3] To the extent Plaintiff's arguments hinge on the similarities between the NBA and HOLA, see, e.g., Pl.'s Opp. at 8-9, while the Court recognizes many potential similarities, the NBA and HOLA are not one in the same, and none of Plaintiff's cited authority supports its contention that any section of the HBOR is not preempted by HOLA. Indeed, where Plaintiff directly discusses HOLA—as opposed to the NBA—he cites to one case in which the Court expressed concern about a broad interpretation of HOLA preemption but still noted that "the overwhelming weight of authority has held that a claim under [the HBOR] is preempted by HOLA." Loder v. World Savings Bank, N.A., No. C11-00053 TEH, 2011 WL 1884733, at *7. Moreover,

---

[3] Indeed, the NBA regulates national banks, whereas HOLA regulates federal savings associations. Defendants here argue—and the Court agrees—that HOLA protections attach to Plaintiff's loan because the loan originated with an FSA. See 12 C.F.R. 34.1 (regulating national banks) and 12 C.F.R. 560.1 (regulating FSAs).

6

while the Dodd-Frank Act may have changed the operation of HOLA preemption, it does not apply retroactively to affect any contract entered into before the date on which the Act was enacted. See Davis v. World Savings Bank, FSB, 806 F. Supp. 2d 159, 166 n. 5 (2011) ("Section 560.2 governs here because it was the regulation in effect when the parties entered into the Pick–a–Payment mortgage loan transaction."). Because Plaintiff obtained his loan in 2006—long before Dodd Frank—field preemption under HOLA applies.

Finally, under § 560.2, HOLA serves to regulate the field of lending regulation for FSBs only. Wells Fargo is not itself an FBS, but—as set forth in Exhibit 1 to Plaintiff's SAC, ECF No. 31-1, and Wells Fargo's RJN, ECF No. 34—Plaintiff's loan originated with Wells Fargo's predecessor-in-interest, WSB, which was an FSB. As this Court and other courts have previously held, HOLA preemption attaches to the loan and travels with the loan in the event of a merger or acquisition, ultimately protecting any successor to the FSB. See, e.g., Heagler v. Wells Fargo Bank. N.A., No. 2:16-cv-01963-MCE-KJN, 2017 WL 1213370 (E.D. Cal. Mar. 31, 2017) ("This Court finds…that HOLA preemption attaches to the loan."); see also Villareal v. Seneca Mortg. Servs., No. 1:14-cv-02033-MCE-GSA, 2015 U.S. Dist. LEXIS 64868, at *16-17 (E.D. Cal. May 16, 2015) (finding the protection of HOLA preemption travels with the loan, rather than the lender). Plaintiff does not argue otherwise, and the Court finds HOLA applies to Plaintiff's loan in this case.

As to the second question, the Court first looks to § 560.2(b) to determine if the type of state law in question is listed. Silvas, 514 F.3d at 1005. Plaintiff here asserts claims under the HBOR and the UCL. Section 560.2(b)(10) provides that state laws concerning "[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages" are preempted. Plaintiff's claims under HBOR pertain to the processing and servicing of a mortgage, and thus fall under HOLA preemption. See Duran v. World Sav. Bank, FSB, No. CV 16-01938 SJO (GJSx), 2016 U.S. Dist. LEXIS 67280, at *11 (C.D. Cal. Apr. 29, 2016) (finding that §§ 2923.6 and 2923.7 of HBOR are

"preempted by HOLA because this section invokes a claim arising from the processing and servicing of mortgages"); see also Villareal v. Seneca Mortg. Servs., No. 1:14-cv-02033-MCE-GSA, 2015 U.S. Dist. LEXIS 64868, at *16-17 (E.D. Cal. May 16, 2015).

With respect to Plaintiff's remaining UCL claim, then, that claim is derivative of his HBOR claims. While claims under the UCL are not expressly listed in paragraph (b), Plaintiff's UCL claim is based on the same facts as those underlying his HBOR claims—specifically, that Wells Fargo acted unfairly, unlawfully, or fraudulently in servicing Plaintiff's loan and in processing his loan modification application. Plaintiff's UCL claim therefore falls within the scope of § 560(b)(10) because, as applied, it concerns "[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages." In other words, because Plaintiff's HBOR claims are preempted, his UCL claim—which is premised on the same conduct by Defendant—is also preempted. See Ramirez v. Wells Fargo Bank N.A., No. CV1508909BROJPRX, 2016 WL 7448136, at *8 (C.D. Cal. Feb. 1, 2016), citing Silvas, 514 F.2d at 1006 ("Because the UCL § 17200 claim, as applied, is a type of state law listed in paragraph (b) ... the preemption analysis ends there.").

Because all of Plaintiff's claims are preempted under section 560.2(b)(10), the preemption analysis ends here. In any event, the HBOR and the UCL as applied in this action certainly "affect lending," and Plaintiff's claims are not saved by any of the exceptions listed in paragraph (c). To the extent Plaintiff argues that his claims are saved by § 560(c)(2)'s exception concerning state real property laws, "[e]ven state laws of general applicability, such as tort, contract, and real property laws, are preempted if their enforcement would impact thrifts in areas listed in § 560.2(b)." Rieger v. Wells Fargo Bank, N.A., 2013 U.S. Dist. LEXIS 103032, at *9 (N.D. Cal. Jul. 23, 2013) (citing Silvas, 514 F.3d at 1006).

///

///

///

**CONCLUSION**

For the reasons provided above, Wells Fargo's Motion to Strike (ECF No. 33) and its Motion to Dismiss (ECF No. 32), joined by NDex (ECF No. 36) are GRANTED. Because Plaintiff's claims are preempted by the HOLA, the Court finds that any amendment would be futile. Indeed, Plaintiff could not amend his complaint to avoid preemption. The Court accordingly DISMISSES all causes of action without leave to amend. See, e.g., Silvas, 421 F. Supp. 2d at 1321 (granting defendants' motion to dismiss with prejudice), aff'd, Silvas, 514 F.3d at 1008.

IT IS SO ORDERED.

Dated: March 17, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE